**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Victor TORRES, also known as Jose Victor Torres–Valles, also known as Jose Victor Torres–Baez, also known as Heriberto Ochoa–Gomez, also known as Jose Feliciano Perez–Mesa, Defendant–Appellant.**

No. 06–20015
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 24, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

Jose Victor Torres appeals the sentence imposed following his guilty-plea conviction for being found unlawfully in the United States after deportation, in violation of 8 U.S.C. § 1326. Torres argues that the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court misapplied the Sentencing Guidelines by characterizing his state felony convictions for possession of a controlled substance as aggravated felonies for purposes of U.S.S.G. § 2L1.2(b)(1)(C). Torres's argument is unavailing in light of circuit precedent. *See United States v. Hinojosa–Lopez,* 130 F.3d 691, 693–94 (5th Cir.1997). Torres argues that this circuit's precedent is inconsistent with *Jerome v. United States,* 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943). Having preceded *Hinojosa–Lopez, Jerome* is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." *See United States v. Short,* 181 F.3d 620, 624 (5th Cir.1999).

Torres also challenges the constitutionality of § 1326(b) in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Government argues that Torres lacks standing to bring a facial challenge to the constitutionality of § 1326(b).

Because Torres may be entitled to a lesser sentence if his constitutional challenge were successful, he has standing. *See Henderson v. Stalder,* 287 F.3d 374, 380 (5th Cir.2002). Torres cannot succeed on his constitutional challenge, however, because his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Torres contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S.

——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Torres properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.